## WM. M. ROYLANCE CO. v. PYNE.

No. 2578.   Decided August 11, 1914   (141 Pac. 301).

APPEAL AND ERROR—CHANGE OF THEORY ON APPEAL.  In an action for goods sold, where defendant set up a breach of warranty and plaintiff made no claim in the court below for recovery on the ground that the goods were of some value and they had not been returned, that claim cannot be asserted on appeal.

Appeal from District Court, Fourth District; *Hon. A. B. Morgan,* Judge.

Action by the William M. Roylance Company against John T. Pyne.

Judgment for defendant.  Plaintiff appeals.

AFFIRMED.

*J. W. N. Whitecotton* for appellant.

*Jacob Evans* for respondent.

STRAUP, J.

This is an action to recover for goods sold and delivered, described in the complaint as "goods, wares, and merchandise

of the value of $228.53.'' The defendant, answering, alleged that the. goods sold and delivered were smudge pots which the plaintiff represented and guaranteed to be pots known as the ''International Smudge Pot of Colorado,'' and made ''of superior quality metal,'' and warranted them ''to last for a period of five years if left in the open and seven if placed under cover when not in use.'' The defendant further alleged:

That he ''used said pots in his orchard for one night only when a majority of said pots burned completely out and became and were useless and of no value; that the balance of said pots which were not entirely burned out the first night were used about one hour the second night and were so badly burned out that they became and were useless and of no value; and defendant alleges upon information and belief that the pots furnished him under the guaranty hereinbefore stated were not International smudge pots of Colorado, but were of inferior grade to said International pots and were made of cheap, worthless material, which was then known to the plaintiff at the time he caused said pots to be manufactured and delivered to the defendant; that the defendant, immediately after using said pots, notified the plaintiff that said pots were worthless and of no value and the warranty of the plaintiff as to the quality of said pots and their durability had been broken and violated, and notified the plaintiff to come and get said pots, and the defendant took some of said worthless pots to the plaintiff's place of business and exhibited them to him, when the plaintiff told the defendant that the manufacturer of the pots would have to make them good, which has never been done.''

A reply was filed to this. At the trial. it was admitted that the defendant was indebted to the plaintiff in the sum of $26.60 for goods sold to him other than smudge pots.

The court submitted the case to the jury upon the following propositions or theory:

''The defendant admits that he owes the plaintiff the sum of $26.60 for goods, wares, and merchandise sold and delivered by the plaintiff to him, separate and apart from the smudge

pots which the plaintiff alleges that it sold and delivered to the defendant, as heretofore stated; and hence I charge you, gentlemen of the jury, that you must find for the plaintiff in at least the sum of $26.60.

"The defendant also admits that the plaintiff sold and delivered to him, at the time claimed by the plaintiff, certain smudge pots, and also that he has not paid for the same; but the defendant says that the plaintiff warranted said smudge pots as stated in the defendant's answer in this case, and, further, that the smudge pots delivered by the plaintiff to the defendant were inferior in quality to those which the defendant claims the plaintiff agreed to deliver to him; and the defendant claims further that the smudge pots delivered by him to the plaintiff were worthless.

"The plaintiff denies that it made any warranty of said smudge pots to the defendant, and asserts that the smudge pots delivered by it to the defendant were in all respects of the same quality as those it agreed to deliver to the defendant.

"These, gentlemen of the jury, are the questions that you are called upon to determine."

The jury rendered a verdict in favor of the plaintiff for $26.60; nothing for the smudge pots. The plaintiff appeals.

No complaint is made of the charge or of any refusal to charge as requested by the plaintiff. The chief complaint relates to this, putting it in plaintiff's counsel's own language:

"It appears from the testimony that the pots in question were made of sheet iron, such as ordinary stovepipe is made of, and the bottom was made of strips of the same material crossed in the bottom and served or were designed to serve the purpose of a grate. The defendant claimed that, after the pots had been burned one full night, many of them were damaged as to the grate, which, he claimed, had burned out; that he used a portion of said pots the second night for some three hours, when he says the grates were wholly burned out. The pots were never returned to plaintiff by the defendant. * * * Our contention is that the verdict of the jury allowing the plaintiff nothing whatever for the pots is not supported by the evidence and is contrary to law. It nowhere appears in the record that the defendant ever returned

the pots received to the plaintiff, although he does say that he showed a sack full of them to the plaintiff, who said that the makers would have to make them good. We submit that the defendant could not retain those 750 pots and pay nothing whatever for them.''

As to this it is quite enough to say that no such question was submitted to the jury for its finding, nor was the cause submitted on any such theory. No complaint whatever was made of that in the court below, nor here; nor did the plaintiff ask or request to go to the jury on any such question or theory, or for that reason to withhold the case from them. The only questions submitted were as to whether the smudge pots were represented and warranted to be as alleged in the answer, and as to whether they came up to that standard. If, as to that, the jury found in favor of the plaintiff, then were they required to render a verdict in its favor; otherwise, for the defendant. The plaintiff in the court below clearly acquiesced in that and cannot be permitted to enlarge upon it here. There is ample evidence to show the warranty and breach as alleged in the answer.

The order is that the judgment be affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.